**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 25-cv-24915-JB**

DAVID HOLT,

Plaintiff,
v.

USA OUT OF THE BOX, INC., a Florida Corporation;
SSCC GROUP INC., a Florida Corporation;
and JOSE L. HENRIQUEZ, an individual,

Defendants.
_______________________________________________/

**ORDER ON PLAINTIFF'S MOTION**
**FOR FINAL DEFAULT JUDGMENT**

**THIS CAUSE** comes before the Court upon the Plaintiff David Holt's Motion for Final Default Judgment against Defendants USA Out of the Box, Inc., ("OOB"), SSCC Group Inc. ("SSCC"), and Jose L. Henriquez ("Henriquez"). ECF No. [13]. Defendants did not file a response to the Motion, and the time to do so has passed. Upon due consideration of the Motion, the pertinent portions of the record, and the relevant authorities, for the reasons explained below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

Plaintiff is a Georgia resident who sought to build a residential home in the Bahamas. ECF No. [1] ¶ 9. Henriquez is a Florida resident and designer who, through his businesses, OOB and SSCC, holds himself out to specialize in designing and creating custom "stay-in-place" wall, roof, and floor insulated panels typically

used in new-build residential homes. *Id.* ¶¶ 2–5, 10. Henriquez is the sole owner and manager of OOB and SSCC and was acting as their "sole decision maker" with respect to the facts set forth herein. *Id.* ¶ 5. OOB and SSCC are both Florida corporations that operate in tandem with each other. *Id.* ¶¶ 2–3, 10. SSCC is a design company that claims to own the multiple patents for the stay-in-place panels and OOB is the manufacturer of the panels. *Id.* ¶ 10.

On or around the summer of 2023, Plaintiff met Henriquez in Miami for the purposes of incorporating stay-in place insulated panels for his residential home in the Bahamas. *Id.* ¶ 12. On or around August 23, 2023, Defendants provided Plaintiff with design drawings for stay-in-place insulated panels for incorporation into the architectural designs for Plaintiff's residential home. *Id.* ¶ 14.

On or around October 2, 2023, Henriquez provided Plaintiff with written documents drafted by OOB titled "Stay In Place Insulated Panels Framework" that memorialized the scope of the work to be provided by Defendants. *Id.* ¶ 16. Defendants quoted the panels at $187,815.24 and sent Plaintiff an invoice with both a OOB and SSCC header for $140,861,43 for "75% Panel Production," "To Order all Materials for OOB Panels" and "To Produce all Panels Ready for Delivery. *Id.* ¶ 18. On December 26, 2023, Plaintiff wired $140, 861.43 to OOB's bank account in Miami. *Id.* ¶ 19.

Shortly afterward, Plaintiff learned that Defendants' stay-in-place panels would not work for the residential home build and immediately advised Defendants. *Id.* ¶¶ 20–21. Plaintiff asked that Defendants return the $140,861.43 wired to OOB's

account and to not create the panels that he had ordered. *Id.* ¶ 22. Henriquez agreed and promised to return the funds that Plaintiff had wired. *Id.* ¶ 23. In light of this agreement, Plaintiff did not require that Defendants create the panels he had ordered. *Id.* ¶ 24. Defendants thereafter wired Plaintiff $60,000. *Id.* ¶ 25. However, Defendants failed to return the remaining $80,861.43. *Id.* ¶ 26.

On October 24, 2025, Plaintiff filed his Complaint against OOB, SSCC, and Henriquez, in his individual capacity. ECF No. [1]. The Complaint contains four counts. *Id.* Count One is for breach of contract for failing to return Plaintiff's funds as agreed. *Id.* ¶¶ 27−32. Count Two, plead in the alternative to the breach-of-contract claim, is for unjust enrichment and alleges that Defendants received a benefit in exchange for goods and services that were never provided. *Id.* ¶¶ 33−37. Count Three, also plead in the alternative to the breach-of-contract claim, is for promissory estoppel and alleges that Defendants promised to return the funds wired to them, that Plaintiff relied on that promise by not enforcing the prior contract for the panels, and that injustice can be avoided only if the promise is enforced. *Id.* ¶¶ 38–43. Count Four is for alter-ego liability and alleges that Defendants are the alter egos of each other and an equitable result is achieved by disregarding the corporate fiction and attaching liability to each Defendant. *Id.* ¶¶ 44−48.

Defendants OOB and Henriquez were served on October 29, 2025. ECF Nos. [5], [6]. Defendant SSCC was served on December 11, 2025. ECF No. [14]. Despite being served, Defendants did not answer or otherwise respond to the Complaint. Accordingly, Plaintiff moved the Clerk of Court to enter a Clerk's Default against

Defendants. ECF No. [9], [12]. The Clerk thereafter entered a Default against Defendants. ECF No. [10], [16].

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. However, a "'defendant's default does not in itself warrant the court entering a default judgment.'" *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Because the Defendants are not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *Id.; see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint and is therefore established by the entry of default.").

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint ... does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## III. ANALYSIS

### A. Count 1: Breach of Contract

Plaintiff's first claim is for breach of contract. ECF No. [1] ¶¶ 27–32. The elements of a breach-of-contract claim are "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). To prove the existence of a contract, a plaintiff must plead "(1) an offer; (2) acceptance of the offer; (3) consideration; and (4) sufficient specification of the essential terms of the agreement." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) (citing *St. Joe Corp. v. McIver,* 875 So.2d 375, 381 (Fla. 2004)). Additionally, the plaintiff "must establish that it has fulfilled its own obligations under the contract." *Consorcio Koralia Dominicana v. Progroup Int'l Corp.*, No. 23-cv-23378, 2025 WL 2783816, at *3 (S.D. Fla. Sept. 10, 2025), *report and recommendation adopted*, 2025 WL 2780043 (S.D. Fla. Sept. 30, 2025)

The Court finds that Plaintiff has sufficiently alleged each element of its breach-of-contract claim. First, Plaintiff has alleged the existence of a contract. Plaintiff "asked that Defendants return the $140,861.43 wired to OOB's account and to not create the panels he had ordered," to which Henriquez, acting as OOB and

SSCC's "sole decision maker," "agreed and promised to return the money." ECF No. [1] ¶¶ 5, 22–23. This agreement was supported by consideration as "Defendants agreed to return funds that were wired to them in exchange for [Plaintiff] no longer requiring that Defendants build the panels that [Plaintiff] had originally ordered." *Id.* ¶ 28; *see also Senter v. JPMorgan Chase Bank, N.A.*, 810 F. Supp. 2d 1339, 1346 (S.D. Fla. 2011) ("[T]here is a consideration if the promisee, in return for the promise, does anything legal which he is not bound to do, or refrains from doing anything which he has a right to do, whether there is any actual loss or detriment to him or actual benefit to the promisor or not" (quoting *Dorman v. Publix–Saenger–Sparks Theatres*, 184 So. 886, 890 (Fla. 1938)). Second, Plaintiff has alleged that Defendants materially breached the contract, as Defendants only returned $60,000 of the $140,861.43 that they agreed to return to Plaintiff. ECF No. [1] ¶¶ 25–26, 29. Third, Plaintiff has alleged that he suffered damages resulting from the breach, namely the remaining $80,861.43 that Defendants failed to return to Plaintiff. *Id.* ¶¶ 26, 31, 32. Finally, Plaintiff has alleged that it fulfilled its obligation under the contract by "not requir[ing] that Defendants create the panels he had ordered." *Id.* ¶¶ 24, 30.

As alleged in the Complaint, Henriquez is the "sole owner and manager of OOB and SSCC" and was acting as their "sole decision maker" at the time he agreed to return the funds Plaintiff had wired in exchange for Defendants no longer being required to build the panels. *Id.* ¶¶ 2, 23. Thus, OOB and SSCC are bound under the contract and liable for breach. *See Wausau Underwriters Ins. Co. v. Horizon Staffing, LLC*, No. 11-cv-21950, 2012 WL 13012741, at *5 (S.D. Fla. Oct. 12, 2012)

("It is well-settled that an agent with authority to enter into a contract binds his principal and any such contract is enforceable.").

As to Henriquez, however, "[a]n officer or shareholder of a corporation cannot be held personally liable on a contract unless he [entered into] the contract in his individual capacity or unless the nature of the corporation was such that the corporate entity should be disregarded…." *Sanchez v. Bengoa Constr., Inc.*, No. 23-cv-61770, 2024 WL 2797373, at *6 (S.D. Fla. Apr. 22, 2024). Plaintiff does not allege that Henriquez entered into the contract in his individual capacity. *See generally* ECF No. [1]. Instead, Plaintiff seeks to hold Henriquez personally liable under an alter-ego theory, alleging that the "corporate fiction" of OOB and SSCC should be "disregard[ed]." *Id.* ¶¶ 44–48. For the reasons set forth in Section III.d. below, Plaintiff has failed to sufficiently allege that Henriquez is the alter ego of OOB and SSCC such that the corporate entities can be ignored and Henriquez can be held personally liable. Accordingly, Plaintiff's Motion for Default Judgment on its breach-of-contract claim is **GRANTED** as to OOB and SSCC and **DENIED** as to Henriquez.

**B. Count II: Unjust Enrichment**

In the alternative to his breach of contract claim, Plaintiff has brought a claim for unjust enrichment, seeking disgorgement of the unrefunded funds of $80,861.43. ECF No. [1] ¶¶ 33–37. To establish a claim for unjust enrichment, a plaintiff must show:

> (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that

> it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff.

*Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999) (quoting *Greenfield v. Manor Care, Inc.*, 705 So. 2d 926, 930–31 (Fla. 4th DCA 1997)). However, "unjust enrichment may only be pleaded in the alternative where one of the parties asserts that the contract governing the dispute is invalid." *Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011).

As explained above, Plaintiff has sufficiently alleged the existence of a valid contract and, as a result, Plaintiff is not entitled to a default judgment in its favor on its unjust-enrichment claim. *See Consorcio Koralia Dominicana v. Progroup Int'l Corp.*, No. 23-cv-23378, 2025 WL 2783816, at *5 (S.D. Fla. Sept. 10, 2025) (concluding that the plaintiff's motion for default judgment as to unjust enrichment claim should be denied "[b]ecause Plaintiff's position here is that there is a valid contract, and because the Amended Complaint establishes both the existence of a contract"), *report and recommendation adopted*, 2025 WL 2780043 (S.D. Fla. Sept. 30, 2025); *Venus Concept USA, Inc. v. Johnson*, No. 22-cv-23226, 2023 WL 3778245, at *3 (S.D. Fla. Mar. 2, 2023) (dismissing unjust enrichment claim and explaining that the entry of default judgment on the claims for unjust enrichment would be inappropriate because the Court was entering final default judgment on the breach-of-contract claim). Accordingly, Plaintiff's Motion for Default Judgment on its unjust-enrichment claim is **DENIED**.

### C. Count III: Promissory Estoppel

In Count Three, Plaintiff asserts a claim for promissory estoppel, seeking return of the unrefunded funds of $80,861.43. ECF No. [1] ¶¶ 38–43. Plaintiff also pleads this count in the alternative to its breach-of-contract claim, ECF No. [13] at 5.

"Promissory estoppel is a quasi-contract claim that is generally considered an alternative to a breach of contract claim[.]" *Martin v. Creative Mgmt. Grp., Inc.*, No. 10-cv-23159, 2013 WL 12061809, at *4 (S.D. Fla. July 26, 2013). To state a claim for promissory estoppel, a plaintiff must show: "(1) a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promise or a third person, (2) the promise induces such action or forbearance, and (3) injustice can be avoided only by enforcement of the promise." *Id.* (citing *DK Arena, Inc. v. EB Acquisitions I, LLC*, 112 So.3d 85, 93 (Fla. 2013)). Relevant here, "[r]elief for a promissory estoppel claim cannot be granted once a breach of contract has been established." *Id.*; *see also Jones v. Miami-Dade Cnty.*, No. 03-cv-20674, 2005 WL 2456884, at *10 (S.D. Fla. Apr. 7, 2005) ("Promissory estoppel is unavailable where there is a valid contract covering the parties' dispute.").

As set forth above, Plaintiff has sufficiently alleged its breach-of-contract claim based on the same underlying conduct and, as a result, Plaintiff is not entitled to a default judgment in its favor on its promissory-estoppel claim. *See Martin*, 2013 WL 12061809, at *5 (denying motion for default judgment on promissory estoppel claim because the plaintiff had already "adduced a valid breach of contract claim for the

same conduct"). Accordingly, Plaintiff's Motion for Default Judgment on its promissory-estoppel claim is **DENIED**.

**D. Count IV: Alter Ego Liability**

In Count Four, Plaintiff's asserts a claim of alter-ego liability, alleging that Defendants "are liable for the acts of each other as alter egos." ECF No. [1] ¶¶ 38–48. However, "alter ego is not a separate cause of action for which relief can be granted; rather, … alter ego serves as a theory to impose liability on an individual for the acts of a corporate entity." *Regal v. Butler & Hosch, P.A.*, No. 15-cv-61081, 2015 WL 11198248, at *2 (S.D. Fla. Oct. 8, 2015) (quoting *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, Case No. 09–cv–61436, 2010 WL 1531489, at *9 (S.D. Fla. April 16, 2010)); *see also Peacock v. Thomas*, 516 U.S. 349, 354 (1996) ("Piercing the corporate veil is not itself an independent [ ] cause of action, but rather is a means of imposing liability on an underlying cause of action."). Thus, while Plaintiff may utilize the alter ego doctrine to assert liability against Henriquez personally, it may not be plead as a distinct cause of action. *See Regal*, 2015 WL 11198248, at *2 (dismissing alter ego count because it is not a cause of action for which relief can be granted but considering the alter ego allegations to determine whether alter-ego liability can be imposed on the individual defendant). Accordingly, Plaintiff's Motion for Default Judgment as to its alter-ego claim is **DENIED**.

The Court now considers whether Henriquez may be held personally liable under the contract under an alter-ego theory. As mentioned, "[w]hen a corporation enters a contract, the owner of the corporation is not personally liable under the

contract." *Virtus Pharms., LLC v. Woodfield Distribution, LLC*, No. 21-cv-2427, 2022 WL 2829634, at *10 (M.D. Fla. July 20, 2022). A court may, however, pierce the veil of the corporation and "hold alter egos of the corporation responsible for its liabilities." *Id.* (citing *Eitzen Chem. (Singapore) PTE, Ltd. v. Carib Petroleum*, 749 F. App'x 765, 770 (11th Cir. 2018)). "Alter egos may include the owner of the corporation." *Id.*

To pierce the corporate veil and impose alter-ego liability, the following elements must be met:

> (1) the *shareholder* dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the *shareholders* were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the claimant.

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1349, (11th Cir. 2011) (emphasis in original) (citing *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1055 (Fla. 3d DCA 2008)). "The corporate veil may be pierced 'in only the most extraordinary csses.'" *Ct.-Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd*, No. 05-cv-60055, 2011 WL 1232986, at *6 (S.D. Fla. Mar. 30, 2011); *see also In re Multimedia Commc'ns Grp. Wireless Assoc. of Liberty Cnty., Georgia, L.C.,* 212 B.R. 1006, 1009 (Bankr. M.D. Fla. 1997) ("Those who seek to pierce the corporate veil ... carry a very heavy burden."). "Conclusory allegations will not suffice to state a claim based upon an alter-ego theory of liability." *Elof Hansson Paper & Bd., Inc. v. Caldera*, No. 11-cv-20495, 2011 WL 13115561, at *4 (S.D. Fla. Sept. 6, 2011)

The Court finds that Plaintiff has not sufficiently alleged facts to support its alter-ego theory of liability. Plaintiff's conclusory allegation that "the corporate fiction is utilized to perpetuate a fraud or defeat a rightful claim" is insufficient. ECF No. [1] ¶ 47; *Orginsky v. Paragon Props. of Costa Rica LLC*, 2011 WL 1869352, *14 (S.D. Fla. May 16, 2011) (explaining that "conclusory allegations" that entities were "nothing more than shell corporation used by defendants to commit a major fraud" were insufficient to allege officers' personal liability for corporate acts); *see also Elof Hansson Paper & Bd., Inc.*, 2011 WL 13115561, at *4 ("Breach of contract, without more, does not constitute the type of 'improper conduct' necessary to pierce the corporate veil."). In addition, Plaintiff does not allege that fraudulent or improper use of the corporate form caused injury to Plaintiff. *See generally* ECF No. [1]. Accordingly, there is an insufficient basis for the Court to pierce the corporate veil of OOB and SSCC and hold Henriquez liable as their alter ego.

**E. Damages**

Having determined liability, the Court must next consider the amount of damages due to Plaintiff. Plaintiff seeks $80,861.43 (the amount of unrefunded funds), as well as prejudgment interest at the Florida statutory rate of 9.46% accruing from September 24, 2024, through January 5, 2026. ECF No. [13] at 7–8. In total, Plaintiff seeks a post-judgment interest amount of $90,669. *Id.* at 8.

Damages may be awarded only if the record adequately reflects the basis for the award, which can be shown with submission of detailed affidavits establishing the facts necessary to support entitlement to the damages requested. *See Adolph*

*Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985). An evidentiary hearing on the appropriate amount of damages is not required by Rule 55, and it is within the Court's discretion to choose whether such a hearing should takes place. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *Tara Productions, Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 911–12 (11th Cir. 2011) (holding that district court did not abuse its discretion in finding that an evidentiary hearing was unnecessary when the plaintiff "provided evidentiary materials … to support its request for the specific amount of damages it sought").

In support of his Motion, Plaintiff has provided a declaration in which he affirms a number of the events that gave rise to this matter, as well as a wire transfer receipt showing the initial wire. ECF No. [13-1]. Specifically, Plaintiff affirms that he wired $140,861.43 to OOB's bank account, that he advised Henriquez that Defendants services would no longer be needed, and that he requested that Defendants return the previously wired funds. *Id.* ¶¶ 4−6. Plaintiff next details that, on September 24, 2024, Henriquez, on behalf of Defendants, agreed and promised to return all of the funds. *Id.* ¶¶ 6–7. Plaintiff further affirms that Defendants only returned $60,000, leaving a balance of $80,861.43 remaining. *Id.* ¶¶ 8−10. The Court finds Plaintiff's declaration to be sufficient. As such, Plaintiff is entitled to damages in the amount of $80,861.43.

As stated above, Plaintiff seeks prejudgment interest that runs from the date the obligation to return the money arose, September 24, 2024, to the date he filed this motion, January 5, 2026. ECF No. [13] at 7−8. "The determination of prejudgment

interest is a matter of law." *Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 2006 WL 8435137, at *4 (S.D. Fla. Aug. 25, 2006). Under Florida law, a prevailing plaintiff is entitled to prejudgment interest, at the statutory rate, from the date of the loss to the date of judgment. *Ins. Co. of N. Am. v. Lexow,* 937 F.2d 569, 572 (11th Cir. 1991). The statutory rate of prejudgment interest is set quarterly by the state's Chief Financial Officer. Fla. Stat. § 55.03(a).

Plaintiff seeks prejudgment interest in the amount of $9,808, as he applies a rate of 9.46% for the period from September 24, 2024, to January 5, 2026. ECF No. [13] at 7–9. Although 9.46% was the applicable prejudgment interest rate effective at the time of the entitlement,[1] the rate is "adjusted annually on January 1 of each year." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-cv-2832-T-33CPT, 2020 WL 9597125, at *12 (M.D. Fla. June 4, 2020). When adjusting the rate on January 1 of each year, the proper calculation of prejudgment interest is $9,747.41.[2]

The Court finds that Plaintiff is entitled to pre-judgment interest in the amount of $9,747.41, as there is nothing in the record to suggest that it would be

---

[1] Judgment Interest Rates, Florida Dep't of Financial Services, https://myfloridacfo.com/division/aa/audits-reports/judgment-interest-rates.

[2] This amount is calculated as follows:

| **Period** | **Days** | **Rate** | **Daily Rate as Decimal** | **Interest** |
|---|---|---|---|---|
| 9/24/2024–12/31/2024 | 99 | 9.46% | .000258470 | $2,069.13 |
| 1/1/2025–12/31/2025 | 365 | 9.38% | .000256986 | $7,584.79 |
| 1/1/2026–1/5/2026 | 5 | 8.44% | .000231233 | $93.49 |
| Total | | | | $9,747.41 |

inequitable given the facts presented. *See, e.g., Gary Brown & Assocs., Inc. v. Ashdon, Inc.*, 2006 WL 8435137, at *4 (S.D. Fla. Aug. 25, 2006) ("The Court finds that Plaintiff is entitled to an award of prejudgment interest on the breach of contract claim under Florida law at the statutory rate.").

Plaintiff also seeks post-judgment interest on the final amount, $90,608.84.[3] ECF No. [13] at 8. Post-judgment interest applies to all compensatory damages, including prejudgment interest. 28 U.S.C. § 1961(a). ("Interest shall be allowed on any money judgment in a civil case recovered in a district court ...."). Accordingly, the Court finds that Plaintiff is entitled to post-judgment interest.

**IV. CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Default Judgment, ECF No. [13], is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's Motion for Default Judgment as to Count I (Breach of Contract) is **GRANTED** as to Defendants OOB and SSCC and **DENIED** as to Defendant Henriquez.
2. Plaintiff's Motion for Default Judgment as to Count II (Unjust Enrichment), Count III (Promissory Estoppel), and Count IV (Alter Ego) is **DENIED**.
3. Plaintiff is entitled to recover from Defendants OOB and SSCC a total

[3] While Plaintiff seeks post-judgment interest on the final amount of $90,669, the Court has recalculated the final amount to $90,608.84 after applying the correct prejudgment interest rate.

of $90,608.84 in damages and prejudgment interest, plus post-judgment interest on that amount.

The Court will enter final default judgment by separate order.

**DONE AND ORDERED** in Miami, Florida, this 21st day of September, 2026.

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**